## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

MICHAEL FINNESSY,

*Plaintiff,*

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

*Defendants.*

## COMPLAINT

Plaintiff, Michael Finnessy ("Mr. Finnessy"), by and through his counsel, McDermott Law, LLC, for his Complaint against Defendant The Prudential Insurance Company of America ("Prudential"), states, alleges, and avers as follows:

## PRELIMINARY ALLEGATIONS

1.    This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves claims by Plaintiff for employee benefits under employee benefit plans regulated and governed under ERISA. Jurisdiction based on a federal question is predicated under these code sections and 28 U.S.C. § 1331. This action is brought to recover benefits under the terms of employee benefit plans, to enforce Plaintiff's rights under the terms of employee benefit plans, and to clarify Plaintiff's rights to future benefits under the plans. Plaintiff seeks relief, including but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement of the benefit plans at issue herein, and attorneys' fees and costs.

2.    Plaintiff is a former employee of CACI International ("CACI"), and during his

employment, worked for CACI within the judicial boundaries of the District of Colorado.

3.     As an employee of CACI, Plaintiff was a participant in the CACI International Employee Benefits Program ("Plan"), which included (among other benefits) a long-term disability ("LTD") income replacement benefit insured by Group Long-Term Disability Insurance Policy No. 53145 ("LTD Policy").

4.     The LTD Policy was delivered to Plaintiff in Colorado and is subject to the laws of that jurisdiction.

5.     The LTD policy was "issued in" Colorado as that phrase is defined by Colo. Rev. Stat. § 10-3-1116(8), and is, therefore, governed by Colorado law where applicable.

6.     The LTD Policy constitutes an "employee benefit plan" as that term is defined by 29 U.S.C. § 1002(3).

7.     At all times relevant, Plaintiff was employed by CACI, and was a covered "participant" in and "beneficiary" of the Plan, as those terms are defined by 29 U.S.C. § 1002(7) and (8).

8.     Plaintiff is an insured under the LTD Policy.

9.     Pursuant to the terms and conditions of the plan and LTD Policy, Plaintiff is entitled to LTD benefits for so long as Plaintiff remains disabled as required under the terms of the Plan.

10.    Prudential is and at all relevant times was registered with the Colorado Division of Insurance to conduct, and does conduct, the business of insurance in the State of Colorado.

11.    Prudential is the insurer of benefits under the LTD Policy issued to CACI.

12.    Plaintiff is informed and believes that Prudential acted in the capacity of a claim administrator under the LTD Policy.

13.    In administering Mr. Finnessy's claim, Prudential acted under an inherent conflict of interest, which affected Prudential's claims processing and determination.

14.    Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

2

**FIRST CLAIM FOR RELIEF**
**Claim for Relief Under ERISA § 502(a)(1)(b) and 29 USC § 1132(a)(1)(b)**

15. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

16. During Plaintiff's employment and while he was covered under Policy, Plaintiff became entitled to LTD benefits under the terms and conditions of the Policy because he suffered from a medical condition(s) rendering him "disabled" as defined under the terms of the Policy.

17. Plaintiff's date of disability was on or around October 8, 2021.

18. Mr. Finnessy filed a short-term disability ("STD") claim because he was unable to perform the material and substantial duties of his regular occupation.

19. Mr. Finnessy's STD claim was administered by non-party AbsenceOne, a partnership between Prudential and non-party Sedgwick.

20. CACI's disability insurance benefits are funded, underwritten, and insured by Prudential. Sedgwick Claimants Management Services, Inc. is a third-party administrator providing claims services for Prudential.

21. AbsenceOne, on behalf of Prudential, approved Mr. Finnessy's STD claim through the maximum benefit period of March 29, 2022.

22. Unfortunately, Mr. Finnessy was unable to return to work full-time at the end of the STD maximum benefit period, which prompted him to submit a claim for LTD benefits through Prudential.

23. Since March 31, 2022, Mr. Finnessy has been working part-time but remains disabled and entitled to partial LTD benefits provided by the Policy.

24. Prudential's LTD Policy allows individuals to work and receive monthly LTD benefits. The Policy states, "We will send you the monthly payment if you are disabled and your monthly

**disability earnings**, if any, are less than 20% of your indexed monthly earnings due to the same sickness or injury."

25.    Prudential denied Mr. Finnessy's claim for LTD benefits on July 14, 2022.

26.    On November 21, 2023, in full compliance with 29 U.S.C. § 1133, Mr. Finnessy submitted the mandatory internal appeal to Prudential providing a thorough history of his medical visits; lists and explanations of his symptoms and diagnoses; an explanation as to why he cannot perform his occupation on a full-time basis; letters from his doctors and medical records; and a Functional Capacity Evaluation.

27.    When Prudential received Mr. Finnessey's appeal letter, it knew, *inter alia*, that if it failed to follow its claims procedures (including the timeframes set forth in the LTD Policy), Mr. Finnessey "shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of [ERISA] on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim." 29 CFR § 2560.503-1(l)(1).

28.    In submitting his appeal, Mr. Finnessey (through counsel) provided additional evidence demonstrating that Prudential's denied of his claim was improper.

29.    Prudential did not determine Mr. Finnessey's appeal within 45 days of receiving the complete appeal by certified mail, as required by the Policy and applicable law.

30.    Because Prudential failed to establish or follow claims procedures consistent with the requirements of the LTD Policy and applicable regulations, the law mandates that Mr. Finnessey "shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of [ERISA] on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim." 29 CFR § 2560.503-1(l)(1).

31.     On December 26, 2023, Prudential sent Mr. Finnessy a copy of its medical records reviewer's report and allowed him to submit a response.

32.     On February 13, 2024, Mr. Finnessy provided Prudential with additional medical records and his treatment provider's rebuttal to Prudential's medical records review.

33.     On March 28, 2024, Prudential sent yet another reviewing physician report to Mr. Finnessy, again offering him the opportunity to respond.

34.     Mr. Finnessy responded to this report on April 19, 2024, with a letter from his treatment provider again rebutting Prudential's reviewing physician's opinions about Plaintiff's ability to work full-time.

35.     On April 22, 2024, Prudential informed Mr. Finnessy it would contact him by May 18, 2024, with the status of its review if a decision had not been rendered.

36.     On April 24, 2024, Mr. Finnessy objected to that extension, asserting that Prudential had exhausted its 45-day deadline to render a decision (even with the additional time Plaintiff provided to Prudential to do so) and had not appropriately and timely requested the 45-day extension of the appeal decision deadline, which only applies if special circumstances exist, which they did not.

37.     As Prudential had not complied with the time limits set forth in the applicable regulations, he deemed the appeal process exhausted (denied) and the claim file closed in a letter to Prudential dated April 24, 2024.

38.     Prudential still has not decided Mr. Finnessy's appeal, even though Mr. Finnessy submitted his appeal over 160 days ago.

39.     Because Prudential did not decide or provide timely and sufficient written notice of an extension before expiration of the 45-day deadline, Prudential cannot include within the administrative record—and this Court cannot consider—any evidence that Prudential generated, created, reviewed, or otherwise accumulated following the Plaintiff's submission of his appeal.

5

40.    Through its decision and actions, Defendant Prudential breached the terms of the Plan and Policy.

41.    Furthermore, the Defendant violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to Plaintiff when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan and Policy;

(b) Failing to provide a prompt and reasonable explanation of the bases relied on under the terms of the Plan and Policy for denying Plaintiff's claims for LTD benefits;

(c) After Plaintiff's claims were terminated, Prudential (in violation of ERISA) failed to adequately describe the additional material or information necessary for Plaintiff to perfect his claims along with an explanation of why such material is or was necessary;

(d) Failing to adequately and in good faith investigate the merits of Plaintiff's disability claims and failing to provide a full and fair review of Plaintiff's claims properly and adequately;

(e) Failing to consider all medical records and opinions from Plaintiff's medical providers;

(f) Elevating the opinions of its non-treating record reviewers over those of Plaintiff's treating medical providers;

(g) Failing to engage in a meaningful dialogue with Plaintiff and his treating medical providers;

(h) Cherry-picking medical records that favored its self-interested adverse benefit determinations;

6

(i) Ignoring Plaintiff's subjective symptoms even though they were observed or verified by others, including his treating medical providers;

(j) Failing to gather sufficient evidence to demonstrate that Plaintiff's medical conditions had improved to the point that he was no longer disabled and could (for eight hours a day and 40 hours a week) reliably and consistently perform the material and substantial duties of his regular occupation; and

(k) Placing its financial interests ahead of Plaintiff's interests.

42. Plaintiff alleges that Defendant wrongfully denied his LTD benefits by other acts or omissions not alleged in this Complaint, but which may be found in the record or discovered in this litigation.

43. Following the denial of his LTD benefits, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations required of him under the Plan and Policy.

44. Plaintiff has satisfied all conditions precedent to receive LTD benefits under the Policy.

45. Plaintiff is disabled and entitled to benefits provided by the LTD Policy.

46. As of the filing of this Complaint, Defendant has wrongfully withheld LTD benefits from Mr. Finnessy since March 30, 2022.

47. Defendant's wrongful withholding of Mr. Finnessy's LTD benefits has caused him to experience significant harms and losses – both economic and non-economic.

48. Defendant's adverse benefit determinations have compelled Mr. Finnessy to institute litigation to recover benefits and coverage owed to him under the Policy.

49. ERISA § 502(a) permits beneficiaries to file civil actions for:

(a) Prudential's failure to timely provide all relevant documents;

7

(b) To recover benefits owed under the Plan and the LTD Policy;

(c) To enforce his rights under the Plan, the LTD Policy, and ERISA;

(d) To obtain equitable relief to redress Prudential's violations of the Plan, the LTD Policy, and ERISA; and

(e) To enforce the terms of the Plan and the LTD Policy.

50.    Through the acts and omissions described throughout this Complaint (and through others likely to be uncovered through discovery), Prudential violated the Plan, the LTD Policy, ERISA, and the duties it owed Mr. Finnessey as his fiduciary.

51.    Accordingly, Plaintiff brings this claim to:

(a) recover benefits owed under the Plan and the LTD Policy;

(b) enforce his rights under the Plan, the LTD Policy, and ERISA;

52.    As a direct and proximate result of Prudential's adverse benefit determination, Plaintiff has been required to incur attorneys' costs and fees in pursuing this action for the LTD benefits owed under the Policy. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.    Declare that Plaintiff is entitled to LTD benefits under the Plan and LTD Policy;

2.    Order Defendant to pay all past-due LTD benefits owed under the Plan and LTD Policy from the date they became payable through the life of such benefits together with interest (both statutory and moratory) on each monthly payment from the date it became due;

3.    Order Defendant to pay Plaintiff's costs of suit, including reasonable attorneys' fees under ERISA § 502(g);

8

4.      Such other and further relief this Court deems just and proper.

Respectfully submitted this 13th day of May 2024,

**_s/ Shawn E. McDermott_**
Shawn E. McDermott
MCDERMOTT LAW, LLC
4600 S. Ulster Street, Suite 800
Denver, CO 80237
(303) 964-1800
(303) 964-1900 (fax)
*shawn@mcdermottlaw.net*

Plaintiff's Address
6132 S. Salida Court
Aurora, CO 80016